IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| D. J. T. (a minor) | ) | |
| by and through his next friend and father, | ) | |
| A. J. T., | ) | |
| Tonganoxie, Kansas  66086, | ) | |
| | ) | |
| Plaintiff, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| TONGANOXIE UNIFIED SCHOOL | ) | |
| DISTRICT NO. 464, | ) | |
| Serve at: 329 East Highway 24-40 | ) | |
| Tonganoxie, Kansas  66086, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RICK LAMB, | ) | |
| in his official capacity as President of the | ) | |
| Tonganoxie Unified School District No. 464 | ) | |
| School Board and in his individual capacity | ) | |
| Serve at: 329 East Highway 24-40 | ) | |
| Tonganoxie, Kansas  66086, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DARLYN HANSEN, | ) | |
| in his official capacity as Vice-President of the | ) | |
| Tonganoxie Unified School District No. 464 | ) | |
| School Board and in his individual capacity | ) | |
| Serve at: 329 East Highway 24-40 | ) | |
| Tonganoxie, Kansas  66086, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BOB DEHOFF, | ) | |
| in his official capacity as a member of | ) | |
| Tonganoxie Unified School District No. 464 | ) | |
| School Board and in his individual capacity | ) | |
| Serve at: 329 East Highway 24-40 | ) | |

| | |
|---|---|
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| DICK DEAN, | ) |
| in his official capacity as a member of | ) |
| Tonganoxie Unified School District No. 464 | ) |
| School Board and in his individual capacity | ) |
| Serve at: 329 East Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| LEANA LESLIE, | ) |
| in her official capacity as a member of | ) |
| Tonganoxie Unified School District No. 464 | ) |
| School Board and in her individual capacity | ) |
| Serve at: 329 East Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| RON MOORE, | ) |
| in his official capacity as a member of | ) |
| Tonganoxie Unified School District No. 464 | ) |
| School Board and in his individual capacity | ) |
| Serve at: 329 East Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| KAY SMITH, | ) |
| in her official capacity as a member of | ) |
| Tonganoxie Unified School District No. 464 | ) |
| School Board and in her individual capacity | ) |
| Serve at: 329 East Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| RICHARD ERICKSON, | ) |
| in his official capacity as Superintendent of | ) |
| Tonganoxie Unified School District No. 464, | ) |

| | |
|---|---|
| and in his individual capacity | ) |
| Serve at: 329 East Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| STEPHAN WOOLF, | ) |
| in his official capacity as Principal of | ) |
| Tonganoxie Junior High School, | ) |
| and in his individual capacity | ) |
| Serve at: 300 E. 24-40 Highway | ) |
| Tonganoxie, Kansas 66086-0980, | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL BOGART, | ) |
| in his official capacity as Principal of | ) |
| Tonganoxie High School, | ) |
| and in his individual capacity | ) |
| Serve at: 404 E. Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| and | ) |
| | ) |
| BRENT SMITH, | ) |
| in his official capacity as Vice-Principal of | ) |
| Tonganoxie High School, | ) |
| and in his individual capacity, | ) |
| Serve at: 404 E. Highway 24-40 | ) |
| Tonganoxie, Kansas  66086, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

COMES NOW Plaintiff, D.J.T. ("D.J.T.") by and through his next friend and father, A. J. T. ("Father"), and by attorney, and states the following for his causes of action against Defendants:

3

## DEMAND FOR JURY TRIAL

1. Plaintiff demands a jury trial on all issues raised herein.

## DESIGNATION OF PLACE OF TRIAL

2. Plaintiff hereby designates Kansas City, Kansas as the place of trial.

## PARTIES

3. Plaintiff D.J.T. is a male under the age of eighteen (born on April 16, 1987), a natural person, and a resident of Leavenworth County, Kansas. He appears by and through his next friend and natural father, A.J.T. ("Father"), who is also a resident of Leavenworth County, Kansas.

4. Defendant Tonganoxie Unified School District No. 464, ("U.S.D. No. 464" or "the District") is an accredited school district in Leavenworth County, in the State of Kansas, the boundaries of which include the City of Tonganoxie. On information and belief, U.S.D. No. 464 is the recipient of federal financial assistance.

5. Defendants Rick Lamb, Darlyn Hansen, Dick Dean, Bob DeHoff, Leana Leslie, Ron Moore, and Kay Smith are all duly elected members of the U.S.D. No. 464 School Board ("the Board") whose responsibilities include development of policies, procedures, and rules to serve as guidelines for the general management and administrative actions of U.S.D. No. 464. All board member Defendants are sued in their official and individual capacities. The Board employs a superintendent to serve as the chief executive officer of U.S.D. No. 464.

6. Defendant Richard Erickson ("Erickson") is the Superintendent of Schools for U.S.D. No. 464 and, as such, is responsible for carrying out all policies, procedures, and rules adopted by the Board. Erickson supervises all administrative and supervisory personnel

4

U.S.D. No. 464 and, through them, all personnel of the District.  Erickson is sued in his official and individual capacities.

7.  Defendant Michael Bogart ("Bogart") was, at all times pertinent to this Complaint, the principal of the Tonganoxie High School.  Bogart is sued in his official and individual capacities.

8.  Defendant Stephan Woolf ("Woolf") was, at all times pertinent to this Complaint, the principal of the Tonganoxie Junior High School.  Woolf is sued in his official and individual capacities.

## JURISDICTION AND VENUE

9.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343, and 1331. Further, this Court has jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claim of negligent supervision in that all claims made herein are so related to each other that they form part of the same case or controversy under Article III of the United States Constitution.

10.  The Court has jurisdiction over Defendants because the unlawful acts alleged in this Complaint were committed in Leavenworth County, Kansas, which lies within the District of Kansas.  In addition, Defendants have at least minimum contacts with the District of Kansas and the State of Kansas.

11.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Leavenworth County, Kansas, which lies within the District of Kansas, and because Defendants operate or perform their duties and responsibilities within the District of Kansas.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12. D.J.T. was a student at Tonganoxie Junior High School from August 19, 1999 to May 23, 2002, and at Tonganoxie High School from August 21, 2002 to November 19, 2003. D.J.T. was a member of the class of 2005, and he expected to graduate from high school in May, 2005.

13. On information and belief, the U.S.D. No. 464 Code of Conduct in effect at all times pertinent to this litigation, states that sexual harassment of a student by other student will not be tolerated and is a violation of District policy.

14. On information and belief, school administrators had a policy of investigating and punishing student-on-student sexual harassment when it involved a male harassing a female.

15. Beginning on or about the week of February 17, 2000, when D.J.T. was twelve years old, he was sexually taunted by four boys who sat at his lunch table at the Tonganoxie Junior High School ("Junior High").  The other boys said that "D.J.T. masturbates with fish" and made other comments.  Male students began a rumor that D.J.T. went to the restroom everyday at school to "jack-off" and/or that he had been caught "jacking-off" in the restroom.  They started calling him the "jack-off kid" and "masturbator boy".  Other students joined in writing, "D.J.T. is a fagot" and "D.J.T. likes men" on the classroom chalkboard.  They called D.J.T. sexual names in the presence of teachers.  They tricked one of the teachers, Mrs. Lee, into calling him "banana boy" – a reference to one student having previously said that D.J.T. "shoves bananas up his ass."

16. The male students teased any girl who would attempt to befriend D.J.T. so that D.J.T.'s female classmates were intimidated and shunned D.J.T.

17. Between February, 2000, and December, 2003, D.J.T. was subjected to countless

6

acts of sexual harassment, most based on a belief that D.J.T. was a homosexual or and/or implied or contained innuendo to the effect that D.J.T. was a homosexual, and most were known or reported to school district officials.

18. Because of the constant sexual harassment, D.J.T. cried at school and at home. He was ashamed to wear his new yellow coat for fear it would provoke more comments about "banana boy." He got into occasional fights with boys who called him "fagot". As a result of the constant harassment, his grades began to suffer and in December, 2003, he was put on antidepressant medication by his family doctor who recommended that he seek counseling.

19. Beginning February 17, 2000, both of D.J.T.'s parents informed school officials including Woolf, Bogart, Erickson, Dean, and other school board members of the sexual harassment to which D.J.T. was being subjected. D.J.T.'s parents made numerous telephone calls and trips to the school; they visited the board members in their private offices; attended a board meeting; sent a certified letter to Erickson; wrote a letter to the editor which was published in the Mirror, a local newspaper; contacted their state representatives, the Kansas State Department of Education, the school insurance agent, local TV and radio stations, and, in short, anyone that might be in a position to remedy the situation at school, or bring pressure upon those responsible who could. None of their efforts to get assistance in stopping the sexual harassment were successful. The sexual harassment of D.J.T. continued unabated.

20. The sexual harassment of D.J.T. continued relentlessly for nearly three and one-half years. Finally, D.J.T. could tolerate it no longer; and, after the first semester of 2003, at the age of sixteen, D.J.T. dropped out of school and obtained his General Educational Development ("GED") degree from the State of Kansas on February 10, 2004.

## COUNT I:  SEX DISCRIMINATION
## 20 U.S.C. §§ 1681, et seq. (Title IX)

21.  Plaintiff hereby incorporates by reference paragraphs 1 through 20 as if fully set forth.

22.  Defendants were aware of the numerous, known acts of sexual harassment directed toward D.J.T. while he was in the school building and attending various classes.

23.  The male students who sexually harassed D.J.T. were classmates of his, were identified to the teachers and administrators and were under the school's disciplinary authority.

24.  Defendants acted with deliberate indifference to the acts of harassment by failing to take any action to prevent them, failing to punish and deter the students responsible and failing to protect D.J.T from sexual harassment while he was involved in school programs and activities.

25.  The harassment was so severe, pervasive and objectively offensive that it barred D.J.T. from access to educational opportunity or benefit, including attendance at, and graduation from, his local high school.

26.  The acts, conduct and behavior of Defendants caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain and suffering, potential loss of scholarships for which he might have been eligible had he remained a Tonganoxie High School Student, and loss of counselor assistance in applying for college and for financial assistance for college.

27. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988 (b).

WHEREFORE, Plaintiff requests that the Court, after a trial by jury of his claims, enter judgment against Defendants, jointly and severally, for his actual damages or nominal damages as are proven at trial, for attorney fees and expenses pursuant to 42 U.S.C. § 1988, for costs herein, and for any such further legal and equitable relief as the Court deems appropriate.

### COUNT II:  SEX DISCRIMINATION
### Fourteenth Amendment, 42 U.S.C. § 1983

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 as if fully set forth.

29. D.J.T. was in the same situation as his female classmates in that they were students at Junior High and Tonganoxie High school, were under the supervision of the Board, administrators and teachers, and were subject to the same Code of Conduct.

30. Defendants strictly enforced the District prohibition on sexual harassment when it was perpetrated by male students upon female students, but failed similarly to protect D.J.T. because he was a male.  On information and belief, this lack of action resulted from the official custom or policy of U.S.D. No. 464 and its agents to condone male upon male sexual harassment.  This custom or policy reflects a deliberate indifference to the constitutional rights of D.J.T.

31. Defendants acted or failed to act under color of state law.

32. The unequal enforcement of the Code of Conduct had a discriminatory effect on

the male students and, in particular, D.J.T., and was motivated by a desire to discriminate against male students who are sexually harassed by other male students.

33. There is no rational basis for discriminating between male and female students who are being sexually harassed.

34. The defendants knew or should have known that there is a clearly established right of equal protection under both the United States Constitution and the Constitution of Kansas and that their discriminatory failure to enforce the harassment policy in an equal manner against D.J.T.'s harassers violated D.J.T.'s constitutional rights.

35. The acts, omissions, conduct, and behavior of Defendants caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain and suffering, potential loss of scholarships for which he might have been eligible had he remained a Tonganoxie High School Student, and loss of counselor assistance in applying for college and for financial assistance for college.

36. The acts and omissions of Defendants Lamb, Hansen, Dehoff, Dean, Leslie, Moore, Smith, Erickson, Woolf, and Bogart were willful, wanton, malicious, and outrageous, showed disregard of D.J.T.'s rights, and were performed knowingly, intentionally and maliciously, by reason of which D.J.T. is entitled to an award of punitive damages in an amount to be proved at trial.

37. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court, after a trial by jury of his claims,

enter judgment against Defendants, jointly and severally, for their actual damages, nominal damages and punitive or exemplary damages as are proven at trial, for attorney fees and expenses pursuant to 42 U.S.C. § 1988, for costs herein, and for any such further legal and equitable relief as the Court deems appropriate.

### COUNT III:  DENIAL OF DUE PROCESS:  STATE CREATED DANGER
### Fourteenth Amendment (Liberty Interest), 42 U.S.C. § 1983

38.  Plaintiff hereby incorporates by reference paragraphs 1 through 37 as if fully set forth.

39.  Defendants, by failing to enforce their own Code of Conduct designed to protect students from sexual harassment, acted in willful disregard of D.J.T.'s safety and created an opportunity and atmosphere in which students felt they could harass D.J.T. openly and with impunity.

40.  It was foreseeable that if D.J.T. were bullied and sexually harassed on an ongoing basis, while attending schools operated by U.S.D. No. 464, it would have the direct consequence of harming him and causing him to drop out of school.

41.  The defendants knew or should have known there is a clearly established right under both the United States Constitution and the Constitution of Kansas for D.J.T. to be free of unjustified intrusions on his personal security and that the sexual harassment inflicted on D.J.T. violated that constitutional right.

42.  The acts, omissions, conduct, and behavior of Defendants caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain

and suffering, potential loss of scholarships for which he might have been eligible had he remained a Tonganoxie High School Student, and loss of counselor assistance in applying for college and for financial assistance for college.

43. The acts, omissions, conduct, and behavior of Defendants Lamb, Hansen, Dehoff, Dean, Leslie, Moore, Smith, Erickson, Woolf, and Bogart were willful, wanton, malicious, and outrageous, showed disregard of D.J.T.'s rights, and were knowing, intentional, and malicious, by reason of which D.J.T. is entitled to an award of punitive damages in an amount to be proved at trial.

44. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court, after a trial by jury of his claims, enter judgment against Defendants, jointly and severally, for his actual damages or nominal damages, for such punitive or exemplary damages as are proven at trial, for attorney fees and expenses pursuant to 42 U.S.C. § 1988, for costs herein, and for any such further legal and equitable relief as the Court deems appropriate.

### COUNT IV: NEGLIGENT SUPERVISION

45. Plaintiff hereby incorporates by reference paragraphs 1 through 44 as if fully set forth.

46. U.S.D. No. 464, its board members, administrators, and teachers owed a legal duty to properly supervise students under their control and custody within the schools and to take reasonable steps to protect students' safety, including the safety of D.J.T.

47. Defendants recognized that duty and undertook to protect the students, including

12

D.J.T., when they promulgated the U.S.D. No. 464 Code of Conduct which strictly prohibited sexual harassment, and required that action be taken against sexual harassers, including students who harass other students.

48.   Defendants breached their duty to D.J.T. by failing to discipline students, known to them, and known to have been involved in harassing D.J.T.; by failing to discipline, train, and appropriately supervise administrators and teachers who failed to protect D.J.T. from sexual harassment; by failing to exercise, or cause to be exercised, reasonable care and supervision of students to prevent the on-going sexual harassment of D.J.T. within the school building and classes during the time that school was in session; and by creating, or permitting, an atmosphere wherein students felt they could harass D.J.T. openly and with impunity.

49.   Defendants' negligence caused Plaintiff to suffer actual damage as set forth above, including, but not limited to: medical expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain and suffering, potential loss of scholarships for which he might have been eligible had he remained a Tonganoxie High School Student, and loss of counselor assistance in applying for college and for financial assistance for college.

50.   The acts, omissions, conduct, and behavior of Defendants Lamb, Hansen, Dehoff, Dean, Leslie, Moore, Smith, Erickson, Woolf, and Bogart were willful, wanton, malicious, and outrageous, showed disregard of D.J.T.'s rights, and were performed knowingly, intentionally, and maliciously, by reason of which D.J.T. is entitled to an award of punitive damages in an amount to be proved at trial.

WHEREFORE, Plaintiff requests that the Court, after a trial by jury of his claims,

enter judgment against Defendants, jointly and severally, for his actual or nominal damages as are proven at trial, for such punitive or exemplary damages as are proven at trial, for costs and expenses, and for any such further legal and equitable relief as the Court deems appropriate.

        Respectfully submitted,

        ARTHUR BENSON & ASSOCIATES

        By   s/ Arthur A. Benson II
        Arthur A. Benson II  D.Kan. # 70134
        Jamie Kathryn Lansford D.Kan #70220
        Aften P. McKinney  Ks. Bar. #09507
        4006 Central Avenue (Courier Zip: 64111)
        P.O. Box 119007
        Kansas City, Missouri 64171-9007
        (816) 531-6565
        (816) 531-6688 (telefacsimile)
        abenson@bensonlaw.com
        jlansford@bensonlaw.com
        amckinney@bensonlaw.com

        ATTORNEYS FOR PLAINTIFF