IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DYLAN J. THENO,

      **Plaintiff,**

v.                                                    Case No. 04-2195-JWL

TONGANOXIE UNIFIED SCHOOL
DISTRICT NO. 464, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

This case arises from student-on-student harassment of plaintiff Dylan J. Theno while he was a junior high and high school student in defendant Tonganoxie Unified School District No. 464. The facts of this case are more thoroughly outlined in this court's prior Memorandum and Order (doc. 91) in which the court denied the school district's motion for summary judgment on plaintiff's claim that the school district violated Title IX of the Education Amendments Act of 1972 (Title IX), 20 U.S.C. §§ 1681 *et seq.*, by being deliberately indifferent to the harassment. *See generally Theno v. Tonganoxie Sch. Dist. No. 464*, — F. Supp. 2d —, 2005 WL 1501425, at *1-*15 (D. Kan. June 24, 2005) (publication forthcoming). This matter is presently before the court on the remaining aspect of defendant's Motion in Limine (Doc. 118) in which defendant seeks to exclude evidence of alleged incidents of harassment of plaintiff which were not reported or known to teachers or administrators of the defendant school district. For the reasons explained below, the court will

grant this motion in part and deny it in part by giving a cautionary instruction that the jury may consider this evidence only for the limited purpose of assessing plaintiff's damages, if any.

This case is a Title IX student-on-student harassment claim governed by the principles of *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999). An understanding of earlier Supreme Court precedent governing Title IX teacher-on-student harassment claims is necessary to a proper resolution of the issue before the court. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), the Supreme Court held that a school district is liable for damages under Title IX for teacher-on-student sexual harassment only if "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." *Id*. at 277. The Court expressly rejected the concept of employer liability based on respondeat superior and constructive notice principles which applies in Title VII sexual harassment claims. *Id.* at 288. The Court reasoned that a "central purpose of requiring notice of the violation 'to the appropriate person' and an opportunity for voluntary compliance . . . is to avoid diverting education funding from beneficial uses where a recipient was unaware of discrimination in its programs and is willing to institute prompt corrective measures." *Id.* at 289. The Court thus defined the deliberate indifference standard as "an official decision by the [school district] not to remedy the violation." *Id.* at 290. In *Gebser*, the Court pointed out that the only school official alleged to have had notice of the teacher's misconduct was the high school principal. *Id.* at 291. The principal's only notice, however, was a report about inappropriate comments being made in class, which was "plainly insufficient

2

to alert the principal to the possibility that [the teacher] was involved in a sexual relationship with a student." *Id.* Thus, without the necessary actual notice the school board could not be held liable for the teacher's misconduct in having a sexual relationship with a student.

Building on the Court's reasoning in *Gebser*, in *Davis* the Supreme Court unequivocally imported the actual knowledge standard into Title IX student-on-student harassment cases. In recounting the Court's holding in *Gebser*, the Court in *Davis* explained that in *Gebser* the Court "declined the invitation to impose liability under what amounted to a negligence standard--holding the district liable for its failure to react to teacher-student harassment of which it knew or *should have* known." 526 U.S. at 642 (emphasis in original). The Court concluded that funding recipients in student-on-student harassment cases

> are properly held liable in damages only where they are deliberately indifferent to sexual harassment, *of which they have actual knowledge,* that is so severe, pervasive, and objectively offensive that it can be said to deprive victims of access to the educational opportunities or benefits provided by the school.

*Id.* at 650 (emphasis added).

It is clear from *Gebser* and *Davis*, then, that the school district in this case can be held liable only for known acts of harassment. Accordingly, the court will exclude evidence of what the court will refer to as "unknown" (meaning unknown to appropriate officials at the school) incidents of harassment for the purpose of demonstrating the school district's deliberate indifference to the harassment. Evidence of unknown incidents of harassment is irrelevant because it is not probative of the school district's culpability in failing to prevent further harassment of plaintiff. *See, e.g.*, *Wills v. Brown University*, 184 F.3d 20, 28 (1st Cir. 1999)

(affirming the district court's exclusion of evidence that a university professor had harassed two students other than the plaintiff because one had not reported the incident to the university before the date when the professor harassed the plaintiff and the other one had not reported the incident to the university at all).

Plaintiff nonetheless contends that this evidence is admissible to prove (1) the severity and pervasiveness of the harassment, and (2) the extent of plaintiff's emotional distress damages. The court is unpersuaded by plaintiff's first argument that the evidence is admissible because it is relevant to proving the severity and pervasiveness of the harassment. Central to the Supreme Court's reasoning in *Gebser* and *Davis* was the principle that school districts should be held liable only where they have actual notice of a Title IX violation and are unwilling to institute corrective measures. In the context of student-on-student harassment, a Title IX violation occurs only if the harassment is sufficiently severe and pervasive, and consequently the school must have actual notice of harassment that is severe and pervasive in order for the school to have the opportunity to institute corrective measures. Otherwise, liability could exist every time a school district had knowledge of some harassment but was unaware that the harassment was severe and pervasive. This would be contrary to the Supreme Court's holding in *Davis* and would frustrate the purpose of allowing funding recipients to have the opportunity to voluntarily comply with Title IX's non-discrimination requirements. Accordingly, evidence of unknown incidents of harassment is not relevant because the applicable legal standard does not call for the jury to evaluate the severity and pervasiveness

4

of the harassment in isolation, but rather to evaluate the issue of whether the school district had *actual knowledge of* harassment that was severe and pervasive.

The court will, however, allow plaintiff to present this evidence for the limited purpose of demonstrating damages. As discussed previously, the Supreme Court's holdings in *Gebser* and *Davis* make clear that a Title IX funding recipient can be held liable for damages only to the extent that the recipient has actual knowledge of and is deliberately indifferent to the Title IX violation. Therefore, plaintiff is not entitled to recover damages from the school district to the extent that he may have suffered from harassment that was unknown to appropriate officials within the school. Nevertheless, plaintiff is entitled to recover damages for harassment that he suffered *after* the school district was deliberately indifferent to severe and pervasive harassment of which it had actual knowledge. *See, e.g.*, *Wills*, 184 F.3d at 26 n.4 (affirming district court's ruling excluding evidence of post-harassment conduct for purposes of proving liability but allowing evidence of the plaintiff's subsequent encounters with her harasser to prove damages). After all, it is this post-deliberate indifference harassment that quintessentially forms the basis for the school district's liability. But whether and at what point in time the school district's response to the harassment rose to the level of constituting deliberate indifference is permeated with issues of triable fact. Thus, the court will not categorically exclude this evidence but believes that the most appropriate way to handle this evidence is to allow plaintiff to present the evidence but give a cautionary instruction instructing the jury as to the limited purpose for which it may consider evidence pertaining to such unknown incidents of harassment.

Along those lines, the court is inclined to give a cautionary instruction to the following effect:

> In this case you heard evidence of incidents of harassment that the school either did not know about or with respect to which it is unclear whether the school knew about. To the extent that you determine that acts of harassment were unknown by appropriate school officials, you may not consider that evidence for purposes of determining whether the school was deliberately indifferent or whether the harassment was sufficiently severe and pervasive. Rather, you may consider that evidence only for the limited purpose of evaluating the extent to which plaintiff may have suffered damages. In other words, you should not consider this evidence in determining whether the school was deliberately indifferent to severe and pervasive harassment of which it had actual knowledge. If you should determine that the school was deliberately indifferent to severe and pervasive harassment of which it had actual knowledge, then you may consider later incidents of harassment that were unknown to the school as evidence of the extent to which the plaintiff was damaged by the school's deliberate indifference to the harassment.

The court and the parties can discuss the precise contents of the cautionary instruction in further detail during trial, but the above proposed instruction will at least provide a convenient starting point for the discussion.

**IT IS THEREFORE ORDERED BY THE COURT** that the remaining aspect of defendant's Motion in Limine (Doc. 118) is granted in part and denied in part. Specifically, the court will give the jury a cautionary instruction regarding the limited purpose for which the jury may consider the evidence.

**IT IS SO ORDERED** this 27th day of July, 2005.

/s/ John W. Lungstrum
John W. Lungstrum
United States District Judge