# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DYLAN J. THENO,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**Case No. 04-2195-JWL**

**TONGANOXIE UNIFIED SCHOOL
DISTRICT NO. 464, et al.,**

        **Defendants.**

_____

## JURY INSTRUCTIONS

INSTRUCTION NO. 1

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. 2

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for both parties agree that a particular fact exists, that is referred to as a "stipulation" and the jury must accept that stipulation as true.

You may consider as evidence everything that was admitted during trial such as witness testimony (in person or by deposition), an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You are to consider only the evidence, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

## INSTRUCTION NO. 3

At times during trial I ruled on the attorneys' objections to admitting certain items into evidence.  Questions relating to the admissibility of evidence are solely questions of law for me.  You must not concern yourselves with the reasons for my rulings and do not draw any inferences from my rulings.  Consider only the evidence admitted.

## INSTRUCTION NO. 4

Some evidence is admitted for a limited purpose only.  When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

INSTRUCTION NO. 5

Counsel's statements, arguments, and remarks are intended to help you understand the evidence and apply the law, but they are not evidence. You should disregard any such comment that has no basis in the evidence.

INSTRUCTION NO. 6

You must weigh and consider the evidence without favoritism for or prejudice against either party.  Do not be influenced by anything not within the issues stated in my instructions.  Sympathy should not affect your deliberations.

7

INSTRUCTION NO. 7

Defendant Tonganoxie Unified School District No. 464 can act only through its officers and employees.  Therefore, whenever mention is made of the school district doing or not doing something, then, of course, it means officers or employees of the school district acting within the scope of their employment.

The school district is entitled to the same fair and impartial consideration as an individual under like circumstances.

## INSTRUCTION NO. 8

I have not intended in anything that I have said or done – not in these instructions, in any ruling, or in any action or remark I may have made during trial – to suggest how I would resolve any of the issues in this case.

INSTRUCTION NO. 9

This instruction sets forth plaintiff Dylan J. Theno's claim against the defendant Tonganoxie School District No. 464. This claim is not evidence and you should not consider it as evidence. This claim simply explains the nature of the parties' dispute.

Mr. Theno claims that he was harassed by other students at Tonganoxie junior and senior high schools because of his gender; that the harassment was severe, pervasive, and so objectively offensive that it precluded him from continuing in school, resulting in his withdrawal from school in November of 2003 when he was a junior in high school; that the school district had actual knowledge of and was deliberately indifferent to the harassment; and that he was damaged as a result of the school district's deliberate indifference.

Mr. Theno must prove his claim by a preponderance of the evidence. The court will explain this burden of proof in Instruction No. 23.

The school district denies plaintiff's allegations. Specifically, the school district denies that Mr. Theno was harassed by other students based on his gender; denies that the harassment was so severe, pervasive, and objectively offensive that it deprived him of educational opportunities; denies that it had actual knowledge of severe, pervasive, and objectively offensive harassment; denies that it was deliberately indifferent to the harassment because its administrators took reasonable steps to correct the harassment; and denies that Mr. Theno was damaged as a result of the school district's conduct.

10

INSTRUCTION NO. 10

Mr. Theno's claim in this lawsuit is based on a federal statute known as Title IX of

the Educational Amendments Act of 1972, which is commonly referred to as "Title IX."

Title IX provides that

> [n]o person in the United States shall, on the basis of sex, be
> excluded from participation in, be denied the benefits of, or be
> subjected to discrimination under any education program or
> activity receiving Federal financial assistance.

## INSTRUCTION NO. 11

In order for Mr. Theno to succeed against the school district on his Title IX claim

he must prove the following five essential elements by a preponderance of the evidence:

1.   the school district received federal funds (which is admitted and undisputed);

2.   he was harassed based on his gender;

3.   the harassment was so severe, pervasive, and objectively offensive that it effectively deprived him of access to educational benefits or opportunities provided by the school district;

4.   a school district official with authority to take corrective measures had actual knowledge of the harassment; and

5.   the school district acted with deliberate indifference to known acts of harassment.

INSTRUCTION NO. 12

With respect to the second essential element of Mr. Theno's claim, Title IX prohibits discrimination "on the basis of sex," which means gender-based harassment. Harassment is not discrimination based on sex merely because the words or gestures used have sexual content or connotation or are based upon sexual orientation or perceived sexual orientation.

The harassment must be not merely tinged with offensive sexual connotations, but must actually constitute harassment based on gender. To constitute gender-based harassment under Title IX, the harasser must be motivated by Mr. Theno's gender or his failure to conform to stereotypical male characteristics. If you find that the harassers were so motivated, then you may conclude that the harassment was based on his gender.

INSTRUCTION NO. 13

Schools are unlike the adult workplace. Children may regularly interact in a manner that would be unacceptable among adults. Simple acts of teasing and name-calling among school children do not constitute sufficiently severe, pervasive, and offensive harassment, even where those comments target differences in gender. The harassment must have been so severe, pervasive, and objectively offensive that it had the effect of denying Mr. Theno access to educational benefits or opportunities.

INSTRUCTION NO. 14

The deliberate indifference standard is not a mere "reasonableness" or "negligence" standard. Deliberate indifference means that the school district's response or lack of response was clearly unreasonable in light of all the known circumstances.

INSTRUCTION NO. 15

You have heard evidence about the school district's policies regarding discrimination and harassment, including sexual harassment. School districts are free to adopt policies that are more strict than Title IX. The school district is not subject to liability to Mr. Theno for violating its own policies. Rather, the school district is liable to Mr. Theno only if it violates Title IX.

Also, the evidence suggested that particular witnesses regarded or regard certain types of conduct as "sexual harassment." This is not, however, evidence that the harassment of plaintiff constituted the type of gender-based discrimination that is prohibited by Title IX.

The elements that Mr. Theno must prove to establish a violation of Title IX are set forth in Instruction No. 11.

INSTRUCTION NO. 16

You heard evidence about incidents of harassment that the school district either did not know about or with respect to which it is unclear whether the school district knew about. To the extent that you determine that acts of harassment were unknown by appropriate school officials, you may not consider that evidence for purposes of determining whether Mr. Theno has satisfied his burden of proof with respect to the essential elements of his Title IX claim. Rather, in evaluating whether the school district violated Title IX, you may only consider acts of harassment at school of which school officials had actual knowledge.

To the extent that you determine school officials did not know about particular acts of harassment, you may consider evidence of those unknown acts of harassment only for the limited purpose of evaluating the extent to which plaintiff may have suffered damages caused by the school district's deliberate indifference to the harassment. In other words, you should not consider this evidence in determining whether the school district violated Title IX. But, if you should determine that the school district violated Title IX, then you must determine the extent to which plaintiff suffered damages caused by the school district's deliberate indifference. In making that determination, you may consider later incidents of harassment, even if those later incidents of harassment were unknown to the school district.

17

## INSTRUCTION NO. 17

Some of the exhibits contain redactions.  The portions of those exhibits have been redacted either because I have excluded the redacted portions from the evidence or because the parties have agreed that the redacted portions should not be admitted.  You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

INSTRUCTION NO. 18

If you find in favor of Mr. Theno on his Title IX claim, you must then determine his damages.

You may award Mr. Theno an amount of money that he has proved will fairly and justly compensate him for any damages that you find he has sustained or is reasonably certain to sustain in the future as a result of the school district's alleged deliberate indifference to the harassment. If you find that Mr. Theno is reasonably certain to incur in the future costs of medical care and treatment caused by the school district's deliberate indifference to the harassment, then you must award him such sum as you find by a preponderance of the evidence will fairly and justly compensate him for those expenses.

You may also award damages for any pain, suffering, or mental anguish that Mr. Theno experienced as a consequence of the school district's alleged deliberate indifference to the harassment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require Mr. Theno to prove the amount of his losses with mathematical precision, but

19

only with as much definiteness and accuracy as circumstances permit.  The damages that you award must be fair compensation—no more and no less.

INSTRUCTION NO. 19

If you find in favor of Mr. Theno but determine that his damages have no monetary value, then you must return a verdict for him in the nominal amount of one dollar.

INSTRUCTION NO. 20

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding which party is entitled to your verdict in this case.  I am giving you instructions about damages solely to provide you with guidance if you should find in favor of Mr. Theno.

22

INSTRUCTION NO. 21

You are to determine the weight and credit to give each witness's testimony. You have a right to use common knowledge and experience in evaluating witnesses' testimony.

## INSTRUCTION NO. 22

A witness's credibility may be attacked by evidence that on some former occasion he or she made a statement, acted in a manner, or testified in a deposition that was inconsistent with his or her testimony in this case.

You may consider such evidence only insofar as it may impact the witness's credibility – that is, only in deciding the weight and credit to be given to that witness's testimony.

INSTRUCTION NO. 23

Burden of proof means burden of persuasion.

Mr. Theno has the burden of proof.  He must prove his claim by a preponderance of the evidence.  This means that he must persuade you that his claim is more probably true than not true.

In determining whether he has met this burden, consider all the evidence, whether produced by Mr. Theno or by the school district.  The weight of the evidence on any issue is not determined by the number of witnesses but rather by how reasonable, persuasive, and satisfying the evidence is to you.

INSTRUCTION NO. 24

There are two types of evidence.  One is direct evidence, such as the testimony of someone who claims to have seen or heard an event.  The other is circumstantial evidence, such as evidence from which you can reasonably draw inferences about whether an event did or did not occur.

The law does not distinguish between direct and circumstantial evidence, but rather simply requires the jury to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## INSTRUCTION NO. 25

During trial, evidence was presented to you by the reading of written depositions. This was the testimony of witnesses taken under oath. You should weigh this evidence by the same standards as other testimony.

## INSTRUCTION NO. 26

You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses. In determining the issues in this case you will, of course, rely upon the evidence you heard in the courtroom and will not be swayed by sympathy, passion, or prejudice. You may and should, however, rely on the general information you possess as to matters of common knowledge, observation, and life experience. In weighing the testimony of witnesses, you may consider their appearance, demeanor, means of knowledge, apparent intelligence or ignorance, whether or not they have an interest in the outcome of the case, and all other facts and circumstances evident at trial that will help you determine the truth.

If you believe that any witness testified falsely about any material fact, you may disregard all or any part of his or her testimony, but you are not required to believe or disbelieve the testimony of any witness. You should reconcile any conflicting testimony as truthful if reasonably possible, but if doing so is not possible then use your best judgment in determining what testimony to believe.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. You should keep in mind that making an innocent mistake in memory – like being able to remember – is not uncommon.

28

INSTRUCTION NO. 27

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

If you do not reach a verdict, the parties may be put to the expense of another trial and will once again have to endure the mental and emotional strain of a trial.  If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a more competent jury.  There is no reason to believe that there will be more or clearer evidence produced at a future trial.

As jurors you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans.  You are judges – judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

29

INSTRUCTION NO. 28

In considering the evidence in this case, you should use your good sense, consider the evidence only for those purposes for which it was admitted, and give the evidence a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

INSTRUCTION NO. 29

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous.  Once you reach a unanimous verdict, the foreperson should fill in, date, and sign the verdict form.  The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

INSTRUCTION NO. 30

If it becomes necessary during your deliberations to communicate with me, please do so by giving a note to the bailiff who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they and all other persons are forbidden from communicating with any of you about any subject involving the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands numerically or otherwise on the questions before you until after you have reached a unanimous verdict.

_10 August 2005_
Date

John W. Lungstrum
United States District Judge